IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T'SHARA CARTER <br><br> Plaintiff, <br><br> v. <br><br> QUALITY OIL COMPANY, LLC (NORTH CAROLINA), <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, T'Shara Carter, by and through undersigned counsel, and files this Complaint for Damages against Defendant Quality Oil Company, LLC (North Carolina), and states as follows:

## INTRODUCTION

Plaintiff brings this action under 42 U.S.C. § 1981, to redress unlawful the unlawful employment practices described below.

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court. Venue is proper in this District because the acts of discrimination and retaliation occurred in Atlanta, Georgia, located within this District.

**PARTIES**

3.

Plaintiff is an African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its agent for service, Incorp Services, Inc., at 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

## FACTS

6.

Plaintiff was hired by Defendant as a Housekeeper on or about August 25, 2025.

7.

Plaintiff was hired by Jennifer Anders, a black woman who was, at the time, the Housekeeping Manager for Defendant's Lawrenceville, Georgia hotel.

8.

Prior to Plaintiff's hire, there was only one African American working in the housekeeping department, who worked part-time.

9.

Beginning from Plaintiff's first day, she noticed a stark racial difference in terms of how African American housekeeping staff were treated by Hispanic Management and Housekeeping staff, especially when Anders was not present.

10.

By the time of Plaintiff's termination on December 6, 2025, Anders, along with two of the other African American housekeeping staff, had been terminated, while two other African American housekeeping staff quit.

3

11.

All of those individuals were replaced with Hispanic employees.

12.

It appeared to Plaintiff that Defendant was looking for any reason to fire African American housekeeping staff.

13.

When Anders was not around and after her termination, Assistant Manager Stephanie, Hispanic, refused to train black employees.

14.

Stephanie would also assign black employees a high number of rooms and would assign Hispanic employees easier rooms to clean and prepare.

15.

For example, Stephanie would assign black employees rooms with two beds instead of one, which took longer to prepare.

16.

Stephanie would also assign black employees rooms where guests were checking out rather than staying an additional night, which also took longer to prepare.

17.

Hispanic employees were also given scheduling preferences in terms of the days they wanted to have off.

18.

Black employees would also routinely not have their rooms stripped, a process that is supposed to occur before cleaning to make cleaning easier, when the Houseman responsible for doing so was Hispanic.

19.

Plaintiff also found that floors that she was assigned to clean were regularly not stocked with cleaning supplies, while the floors assigned to Hispanic employees would be.

20.

As a result of the situation, Plaintiff made multiple complaints about the racially discriminatory treatment from September 2025 to her termination in December 2025, including to Erica, the Hispanic supervisor who replaced Anders, Donna Lemon, the Hotel Manager, Lemon's Supervisor, Olga, and a Human Resources employee named Donna Spillman.

21.

Employees besides the Plaintiff also made race-based discrimination complaints during the time she was employed.

22.

This included at least one racial discrimination complaint lodged by Anders before her termination.

23.

Around the time that Erica was hired to replace Anders, Plaintiff saw that Erica continued the racially discriminatory practices listed above and complained to Erica that she could see that she was giving the harder work to black employees and that it was not fair.

24.

Erica told Plaintiff to talk to Lemon, and Plaintiff made the same complaint to Lemon within the next few days.

25.

Plaintiff also complained to Human Resources employee Donna Spillman on October 27, 2025, that she was being racially discriminated against and that she was being retaliated against for her earlier race-based complaints.

26.

Plaintiff followed that complaint up with another complaint to Spillman on November 5, 2025, which included a report that she had made prior complaints to Lemon.

27.

Spillman told Plaintiff that she needed to report her complaints to Lemon again.

28.

Plaintiff continued to make race-based discrimination complaints to management, including one to Lemon on December 3, 2025.

29.

Then, on December 4, 2025, there was no houseman or laundry person present, and Plaintiff was assigned eight rooms with double beds.

30.

Plaintiff had been previously instructed to try and clock out by 4:00 P.M. by management, but stayed until approximately 5:15 P.M. that day, at which time she left with two rooms not completed due to the workload.

31.

Other employees had previously left rooms unfinished without issue.

7

32.

Then, on December 6, 2025, Lemon terminated Plaintiff, telling her she was being terminated because she left early on December 4, 2025.

33.

Although Defendant may purport to provide a legitimate non-discriminatory reason for the adverse actions, such reason(s) are pre-text for unlawful retaliation in response to Plaintiff's protected activity and for unlawful discrimination based on her race. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT I: RETALIATION IN VIOLATION OF SECTION 1981

34.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 6-33 as if set forth fully herein.

35.

Plaintiff engaged in protected activity under Section 1981 when she, *inter alia*, complained that she and other black employees were being discriminated against and made to take on larger workloads on a consistent basis than non-black workers.

8

36.

Plaintiff was terminated as a result of her protected activity.

37.

Defendant's termination of Plaintiff constitutes unlawful retaliation in violation of Section 1981.

38.

As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including lost wages and emotional distress.

39.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

40.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

9

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)    Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)    Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)    Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)    Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)    Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)    Award Plaintiff such further and additional relief as may be just and appropriate.

This 17th day of March, 2026.


*/s/ V. Severin Roberts, Esq*
V. Severin Roberts
Georgia Bar No. 940504

10

Patrick Reid
Georgia Bar No. 888769
The Workers' Firm
(404)-382-9660
severin@theworkersfirm.com
patrick@theworkersfirm.com

*Counsel for Plaintiff*

11